**ORIGINAL**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2021 NOV -9 PM 2:53

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN M. PIERCE,<br><br>Interpleader Plaintiff/Stakeholder,<br><br>against<br><br>MILOS FUND LLC, a Nevada limited liability company, **FIGHTBACK FOUNDATION, INC.**, a Texas corporation, ABC, LLCs 1-10, XYZ Corps. 1-10,<br><br>Interpleader Defendants/Claimants. | **STATUTORY INTERPLEADER COMPLAINT UNDER 28 U.S.C. § 1335**<br><br>3-21CV2770-S |

John M. Pierce, *pro se*, hereby alleges as and for his interpleader complaint pursuant to 28 U.S.C. § 1335 as follows:

## Parties

1. Interpleader plaintiff/stakeholder, John M. Pierce ("Pierce") is a resident of California.

2. Upon information and belief, interpleader defendant/claimant Milo Fund LLC (the "Milo Fund") is a limited liability company ("LLC") organized and existing under the laws of Nevada and is a sole-member LLC.

3. Upon information and belief, interpleader defendant/claimant FightBack Foundation Inc. ("FightBack"), is a corporation organized and existing under the laws of Texas and has its principal place of business in either Texas or Georgia.

## Jurisdiction and Venue

4. Under 28 U.S.C. § 1335(a)(1):

The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or

1

corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

5. Pierce is the holder of a "Remittance Receipt" (as defined below) — the stake in this interpleader action, which is an "instrument of value" — that has a face value of $2,000,000.00. Therefore, the monetary jurisdictional threshold has been met.

6. Plaintiff has, in conjunction herewith, attached a copy of the Remittance Receipt to this pleading. Plaintiff expressly disclaims any interest in any rights under or through the Remittance Receipt. Plaintiff admits that any and all right, claim, title, or interest in, to, or under the Remittance Receipt or the funds evidenced thereby *may only lawfully be had and/or paid to a person other than the Plaintiff* — but Plaintiff cannot determine who.

7. Upon information and belief, there are at least two adverse claimants, to wit, the two named defendants/claimants herein. FightBack is a corporation organized and existing under the laws of the State of Texas and, upon information and belief, has its principal place of business either in Texas or Georgia.

8. Milo Fund is an LLC. Under *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990), an LLC has the citizenship of all of its members. Therefore, Milo Fund's state of organization and its principal place of business are irrelevant to a determination of its citizenship. According to freekyleusa.com, the Milo Fund "is a sole-member, manager-managed limited liability company." Upon information and belief, the sole-member of the Milo Fund is neither a citizen of Texas or Georgia.

9. Therefore, the two adverse claimants are diverse within the meaning of 28 U.S.C. § 1335.

10. Venue in this statutory interpleader under 28 U.S.C. § 1335 is governed by 28 U.S.C. § 1397, which provides: "Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside."

11. Therefore, venue is proper in the federal district court for the Northern District of Texas as at least one of the claimants, FightBack, is, upon information, and belief a Dallas based corporation that is organized under the laws of Texas and is, therefore, a citizen of Texas.

**Factual Allegations Common to All Counts**

12. On or about November 20, 2020, in connection with his civil representation of Kyle Rittenhouse, Pierce's law firm, Pierce Bainbridge P.C., received by wire into its client IOLTA trust account funds from FightBack in the amount of Two Million Dollars ($2,000,000.00) (the "Bailed Funds"). The Bailed Funds were to be used exclusively for the purpose of posting bail in connection with a criminal proceeding in the State of Wisconsin pending against Kyle Rittenhouse (Case No. 2020CF000983). The same day, Pierce immediately obtained a certified check in that amount from his law firm's trust account and drove to Kenosha,

Wisconsin. He submitted that certified check to the Kenosha County Clerk's office, which applied the funds to Kyle Rittenhouse's $2 million bail amount. As previously coordinated with the Kenosha County Sheriff and private security, that same day Pierce arranged for the safe release of Rittenhouse from pre-trial detention and re-united Kyle Rittenhouse with his family in a secure location.

13. Because Pierce personally tendered the Bailed Funds to Kenosha Joint Services, 1000 55th Street, Kenosha, WI 53140, he was issued personally, in his own name, a receipt from Joint Services (Receipt No. 243357) evidencing the posting of the Bailed Funds and the right to their remittance (the "Remittance Receipt"), which ostensibly gives Pierce the sole and exclusive right to receive the Bailed Funds upon Kyle Rittenhouse's appearance and continued attendance through verdict of the criminal proceedings pending against him in Wisconsin, in accordance with the law of Wisconsin.

14. Pierce's civil representation of Kyle Rittenhouse concluded in or around January 2021.

15. Pierce has received multiple and inconsistent demands to the Remittance Receipt and the Bailed Funds evidenced thereby.

16. Pierce does not claim and expressly disclaims any right, title, or interest to the Remittance Receipt evidencing a right to receive the Bailed Funds.

17. Pierce has not attempted to and does not intend to seek to claim the Bailed Funds evidenced by the Remittance Receipt.

18. Pierce has not assigned, conveyed, or transferred the Remittance Receipt.

19. But Pierce is unable to determine who is lawfully entitled to the Remittance Receipt, which evidences a right to receive the Bailed Funds.

20.     Wherefore, Pierce seeks relief pursuant 28 U.S.C. § 1335 to determine who has best or first right, title, and interest in and to the Remittance Receipt which evidences a right to receive the Bailed Funds.

## COUNT I
### [Statutory Interpleader Under 28 U.S.C. § 1335]

21.     Pierce repeats and re-alleges the allegations set forth in paragraph 1-20 hereof.

22.     Pierce is the holder of the Remittance Receipt, which evidences a claim to the Bailed Funds. A true and correct copy of the Remittance Receipt is annexed hereto as Exhibit A and incorporated by reference as if fully set forth herein.

23.     Pierce does not claim and expressly disclaims any right, title, or interest in and to Remittance Receipt and the Bailed Funds evidenced thereby.

24.     For avoidance of doubt, Pierce does not claim and expressly disclaims any right, title, or interest in and to the Bailed Funds as well. Pierce is not in possession of the Bailed Funds and does not intend to seek to come into possession of the Bailed Funds.

25.     Pierce has received demands from various parties claiming a best or first right, title, or interest in and to the Remittance Receipt.

26.     Pierce is unable to determine who has best or first right, title, or interest in and to the Remittance Receipt and, by extension, the Bailed Funds evidenced thereby.

27.     Pierce would potentially be subjected to double or multiple liability if he were to assign, convey, or transfer the Remittance Receipt to any party or if he were to attempt to collect, or in fact receive or come into possession of the Bailed Funds pursuant to a tender of the Remittance Receipt to Wisconsin Joint Services.

28.     Wherefore, pursuant to 28 U.S.C. § 1335, Pierce hereby interpleads the above named interpleader defendants/claimants for the sole purpose of permitting the orderly and

lawful judicial resolution of all interpleader defendants' claims to the Remittance Receipt and the Bailed Fund evidenced thereby; and for a decision and/or order forever and completely discharging Pierce from any and all liability, claims, damages, or demands in connection with the Remittance Receipt and the right to the Bailed Funds evidenced thereby.

## PRAYER FOR RELIEF

Wherefore, Pierce prays for the following relief:

1. That each and every defendant with a claim or claiming entitlement to the Remittance Receipt be restrained from instituting any action against the Plaintiff for recovery of the Remittance Receipt or the Bailed Funds evidenced thereby;

2. That the defendants be required to interplead and settle among themselves their rights to Remittance Receipt and the Bailed Funds evidenced thereby;

3. That the Plaintiff be discharged from all liability — that the Court, by written order without motion, accept into Court or otherwise permit Pierce to put in escrow a certified copy of the Remittance Receipt evidencing the right to receive the Bailed Funds;

4. That upon the Court's acceptance of the Remittance Receipt into court, or the Court's acceptance in lieu thereof of a sworn and written surrender by Pierce of any right, title, or interest in the Remittance Receipt and/or a written representation in a form acceptable to the Court that Pierce has not otherwise assigned, sold, or conveyed to any third-party the Remittance Receipt, that Pierce, either upon the Court's own motion or upon a motion by Pierce, be promptly, fully, and irrevocably discharged and released of any and all liability in connection with the Remittance Receipt or the Bailed Funds evidenced thereby;

5. In the alternative, to the extent that Pierce is not so discharged and released and is otherwise made to defend against any allegation, demand, or assertion by any claimant who

claims a right or entitlement to the Remittance Receipt or the Bailed Funds evidenced thereby, that Pierce's costs and reasonable attorneys' fees be paid out of the Bailed Funds to the extent permitted or required by law; and

      6.      For such other and further relief as the Court may determine to be just, proper, or equitable.

Date: November 8, 2021  
      Los Angeles, CA

Respectfully submitted,

*[signature]*

John M. Pierce  
355 S. Grand Avenue  
Los Angeles, CA 90071  
Tel: (213) 400-0725  
jpierce@piercebainbridge.com

*Pro Se*






