UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS

| | |
|---|---|
| **JOHN M. PIERCE**,<br><br>    Interpleader Plaintiff/Stakeholder,<br><br>vs.<br><br>**MILOS FUND LLC,** a Nevada limited liability company, **FIGHTBACK FOUNDATION, INC**., a Texas corporation, **ABC, LLCs 1-10, XYZ Corps. 1-10**,<br><br>    Interpleader Defendants/Claimants. | Civil Action No.  3:21-CV-02770-S- BH |

**THE MILO FUND LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT-MATTER JURISDICTION, AND BRIEF IN SUPPORT**

| | |
|---|---|
| Mark F. Raymond, Esq.<br>Florida Bar. No. 373397<br>Mark.Raymond@nelsonmullins.com<br>(*Pro hac vice motion forthcoming*)<br>Shane P. Martin, Esq.<br>Florida Bar No. 056306<br>Shane.Martin@nelsonmullins.com<br>(*Pro hac vice motion forthcoming*)<br>**Nelson Mullins**<br>One Biscayne Tower, 21st Floor<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Tel: 305-373-9400<br>Fax: 305-373-9443 | Jeffrey M. Tillotson<br>State Bar No. 20039200<br>jtillotson@tillotsonlaw.com<br>Jonathan R. Patton<br>State Bar No. 24088198<br>jpatton@tillotsonlaw.com<br>J. Austen Irrobali<br>State Bar No. 24092564<br>airrobali@tillotsonlaw.com<br>**Tillotson Law**<br>1807 Ross Avenue, Suite 325<br>Dallas, Texas 75201<br>(214) 382-3041 Telephone<br>(214) 292-6564 Facsimile<br><br>**ATTORNEYS FOR THE MILO FUND LLC** |

Dated:  December 8, 2021

4868-0455-3734

Putative Interpleader Defendant, The Milo Fund LLC ("TMF")[1], moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (2), to dismiss the Statutory Interpleader Complaint Under 28 U.S.C. § 1335 ("Complaint") [Dkt. #3] filed by putative Interpleader Plaintiff John M. Pierce ("Plaintiff" or "Pierce"). In support of this motion, TMF states:[2]

## INTRODUCTION AND BACKGROUND

The Complaint purports to state a single cause of action under 28 U.S.C. § 1335 – statutory interpleader, *see* Compl. – but suffers from at least two fatal pleading defects, each of which independently requires dismissal. <u>*First*</u>, Pierce has not even attempted to allege a *prima facie* basis for this Court to exercise personal jurisdiction over TMF. *See id.* TMF is a Nevada corporation with its principal place of business in Nevada, and Pierce has not and cannot allege continuous and systematic contacts with Texas that could render it essentially "at home" here and amenable to the Court's exercise of general jurisdiction over it. *See* Ex A. Likewise, Pierce has not and cannot allege sufficient minimum contacts between TMF and Texas to justify specific jurisdiction under Texas's long-arm statute. There are no allegations of minimum contacts with Texas, that any of TMF's activities were directed toward Texas, that this action arises from any Texas-related activities by TMF, or that subjecting TMF to jurisdiction in Texas would comport with traditional notions of fair play and substantial justice to satisfy due process considerations. *See* Compl. Further, even if there were allegations to the contrary, the uncontroverted facts show that TMF does not have sufficient minimum contacts to exercise personal jurisdiction over it in Texas. *See* Ex. A.

---

[1] Plaintiff misnamed TMF as "Milos Fund LLC."

[2] This Motion is supported by the Declaration of Anthony DeMartino, a copy of which is attached as **Exhibit A** and incorporated by reference into this Motion.

*Second*, even if a basis existed for this Court to exercise personal jurisdiction over TMF, the Complaint still must be dismissed because the Court lacks subject matter jurisdiction to adjudicate a statutory interpleader. The subject bond funds, by Pierce's own admission, are posted in Kenosha County, Wisconsin, and Pierce does not allege, nor could he, that he has posted the bond or its equivalent in this Court's Registry, as Section 1335(a)(2) requires. *See* Compl.

## ARGUMENT

**I.  The Complaint Should Be Dismissed because the Court Lacks Personal Jurisdiction Over TMF.**

**A.  Plaintiff bears the burden of pleading and proof.**

Plaintiff bears the initial burden to plead jurisdictional facts sufficient to bring a nonresident defendant with the provisions of the Texas long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010); *see also Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). Only when a plaintiff establishes minimum contacts between the defendant and the forum state does the burden shift to the defendant to show that the exercise of jurisdiction is unfair and unreasonable. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 2015 (5th Cir. 1999). The nonresident defendant "can negate jurisdiction on either a factual or legal basis." *Kelly*, 301 S.W.3d at 659. Jurisdiction can be negated on a legal basis if the defendant can establish that taking the plaintiff's alleged facts as true, (1) "the evidence is legally insufficient to establish jurisdiction"; (2) "the defendant's contacts with Texas fall short of purposeful availment"; (3) for specific jurisdiction, "the claims do not arise from the contacts"; or (4) "traditional notions of fair play and substantial justice are offended by the exercise of jurisdiction." *Id*.

**B.  To establish personal jurisdiction, Plaintiff must satisfy the Texas long-arm statute.**

A federal court exercising diversity jurisdiction may exercise jurisdiction over a nonresident defendant only if permitted under state law. *Alpine View Co. v. Atlas Copco AB*, 205

F.3d 208, 214 (5th Cir. 2000) (citing Fed. R. Civ. P. 4(e)(1), (h)(1), (k)(1)). Jurisdiction may lie where: "(1) the long-arm statute of the forum state confers personal jurisdiction on the defendant; and (2) exercise of such jurisdiction is consistent with due process under the United States Constitution." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citing *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000) (internal citations and quotation marks omitted); *Felch v. Transportes Lar-Mex*, 92 F.3d 320, 323 (5th Cir. 1996); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Due process requires the defendant have "minimum contacts" with the forum state (*i.e.*, that the defendant has purposely availed himself of the privilege of conducting activities within the forum state) and that exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Id*. (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

      **C.**     **Peirce must allege and prove sufficient "minimum contacts" with Texas.**

"Minimum contacts" can give rise to either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). A "court may assert general jurisdiction over [nonresident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id*. Establishing general jurisdiction is "difficult" and requires "extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609. "'Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required….' [V]ague and overgeneralized assertions that give no indication as to the

extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id*. at 609-10 (quoting *Revell v. Lindov*, 317 F.3d 467, 471 (5th Cir. 2002); internal alteration omitted).

Specific jurisdiction over a nonresident defendant exists only "when a nonresident defendant has purposefully directed its activities in the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal quotation marks omitted). "[S]pecific jurisdiction," therefore, "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotations omitted).

The Fifth Circuit follows a three-step analysis in determining whether a court has specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being hauled into court.'" *Id.* (quoting *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006)).

**D.    The Complaint fails to establish a basis for personal jurisdiction over TMF.**

Pierce has not met his burden to plead facts that, if true, would bring TMF within the ambit of Texas's long-arm statute consistent with due process considerations. Pierce has not and cannot allege a sufficient basis for this Court to exercise personal jurisdiction over TMF and did not even

try. Indeed, Pierce's only jurisdictional allegations against TMF, on their face, indicate TMF's *absence* of contacts with Texas that could justify its being named in an interpleader action here:

> Upon information and belief, interpleader defendant/claimant Milo Fund LLC … is a limited liability company … ***organized and existing under the laws of Nevada*** and is a sole-member LLC.
>
> ***
>
> Milo Fund is an LLC…. the Milo Fund "is a sole-member, manager-managed limited liability company." Upon information and belief, the sole-member [sic] of the Milo Fund is ***neither a citizen of Texas*** or Georgia.

*See* Compl. ¶¶ 2, 8 (emphasis supplied).

Even if Pierce had made allegations otherwise, TMF does not have sufficient minimum contacts with Texas. It is a Nevada limited liability company with its principal place of business in Nevada. *See* Ex. A ¶ 2. It does not have any offices, places of business, property, employees, or agents in the State of Texas. *Id*. ¶ 4. Nor has it conducted any business or other activities in the State of Texas. *Id*. ¶ 5.

Thus, TMF has not "purposefully directed its activities toward the forum state" or "purposefully availed itself of the privilege of conducting activities" in Texas. The exercise of personal jurisdiction over TMF would be patently inappropriate, given the total absence of jurisdictional allegations to bring TMF within the ambit of Texas's long-arm statute. TMF simply has no reason to anticipate it would be hauled into a Texas court (and, importantly, Pierce certainly has not and cannot allege otherwise). As such, this action should be dismissed as to TMF. Moreover, the dismissal should be with prejudice because this pleading deficiency is incurable – leave for an amendment would be futile because no amendment can create a contact with Texas where none exists. *See*, *e.g.*, *Copeland v. Internal Rev. Servs.*, No. 3:20-CV-3288-L-BH, 2021 WL 3713071, *14 (N.D. Tex. Aug. 4, 2021) (Carrillo Ramirez, M.J.), rpt. & rec. adopted, 2021 WL 3710567 (Aug. 19, 2021) (Lindsay, J.) (dismissing with prejudice and denying leave to amend on

that ground because, *inter alia*, "it does not appear [plaintiff] can show that personal jurisdiction exists").

## II.   Lack of Subject Matter Jurisdiction

The Court also lacks subject matter jurisdiction over the Complaint because Pierce's putative statutory interpleader relies on 28 U.S.C. § 1335, yet he has not satisfied all of that statute's requirements. There is no subject matter jurisdiction under § 1335 unless three requirements are met: (1) the dispute must concern "money or property of the value of $500 or more," (2) it must involve two or more adverse claimants of diverse citizenship, and (3) Pierce must have "**deposited such money or property or has paid the amount of the loan or other value of such instrument or the amount due under such obligation into the registry of the court**, there to abide the judgment of the amount and with such surety as the court or judge may deem proper . . . ." 28 U.S.C. § 1335(a) (emphasis added). The third element has been characterized as requiring "cash on the barrelhead." *State Farm Life Ins. Co. v. Jonas*, 775 F.3d 867, 869 (7th Cir. 2014) (finding that insurer's failure to deposit proceeds of life insurance policy in district court's registry deprived court of subject matter jurisdiction over insurer's interpleader action); *see also Degree of Honor Protective Ass'n v. Charles T. Bisch & Son, Inc.*, 194 F. Supp 614, 615 (D Mass 1961) ("In interpleader actions, subject matter is the fund, thing, or duty to which the parties made adverse claims.").

Here, Pierce admits the bond funds at issue are still in the possession of the Kenosha County, Wisconsin Clerk's Office, and pleads that his Remittance Receipt allegedly entitling him to receive those funds is "an 'instrument of value' – that has a face value of $2,000,000.00." Compl. at 5 & ¶¶ 12, 13. Even if the Remittance Receipt was an "instrument of value" (which TMF does not concede), that would not suffice. The statute under which Pierce seeks to proceed

requires him to deposit "such money or property . . . or other *value of such instrument*" into this Court's Registry—*i.e.*, $2,000,000 or equivalent. 28 U.S.C. § 1335(a)(2). Pierce has done no such thing here, and merely attaching a copy of the document he terms "an instrument of value" as an Errata Exhibit to his Complaint does not suffice.

Pierce has not posted the funds or an equivalent value in this Court's Registry, as Section 1335(a)(2) requires. As such, even if the Court had personal jurisdiction over TMF, dismissal still would be appropriate for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, TMF respectfully requests that the Court dismiss this action with prejudice, and award TMF any further relief to which it may be entitled.

Dated: December 8, 2021                                          Respectfully submitted,

| | |
|---|---|
| | */s/ Jeffrey M. Tillotson* |
| Mark F. Raymond, Esq. | Jeffrey M. Tillotson |
| Florida Bar. No. 373397 | State Bar No. 20039200 |
| Mark.Raymond@nelsonmullins.com | jtillotson@tillotsonlaw.com |
| (*Pro hac vice motion forthcoming*) | Jonathan R. Patton |
| Shane P. Martin, Esq. | State Bar No. 24088198 |
| Florida Bar No. 056306 | jpatton@tillotsonlaw.com |
| Shane.Martin@nelsonmullins.com | J. Austin Irrobali |
| (*Pro hac vice motion forthcoming*) | State Bar No. 24092564 |
| Nelson Mullins | airrobali@tillotsonlaw.com |
| One Biscayne Tower, 21st Floor | Tillotson Law |
| 2 South Biscayne Boulevard | 1807 Ross Avenue, Suite 325 |
| Miami, FL 33131 | Dallas, Texas 75201 |
| Tel: 305-373-9400 | (214) 382-3041 Telephone |
| Fax: 305-373-9443 | (214) 292-6564 Facsimile |

ATTORNEYS FOR THE MILO FUND LLC

-9-

## **CERTIFICATE OF SERVICE**

      The above and foregoing document was served upon counsel herein by ECF on December 8, 2021.

                                                  */s/ Jeffrey M. Tillotson*
                                                  Jeffrey M. Tillotson