UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN M. PIERCE, | § | |
| | § | |
| Interpleader Plaintiff/Stakeholder, | § | |
| | § | |
| vs. | § | Civil Action No. 3:21-cv-02770-S-BH |
| | § | |
| MILOS FUND LLC, FIGHTBACK FOUNDATION, INC. ABC LLCs 1-10, XYZ CORPS. 1-10, | § | |
| | § | |
| Interpleader Defendants/Claimants. | § | |

### FIGHTBACK FOUNDATION, INC.'S RESPONSE TO THE MILO FUND LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJET-MATTER JURISDICTION, AND BRIEF IN SUPPORT

Defendant Fightback Foundation, Inc. ("Fightback") files this Response to the Milo Fund LLC's Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction, and Brief in Support (Doc. 13 and hereafter the "Motion").[1] The Milo Fund LLC's ("Milo's") Motion seeks dismissal on the basis that (1) Milo lacks specific contacts with Texas sufficient to confer jurisdiction and (2) the interpleader plaintiff, Pierce, did not deposit with the Court the funds in dispute. Milo's Motion should be denied, however, because the relevant interpleader statute provides for nationwide service of process (making the minimum contacts analysis irrelevant) and because Pierce need only deposit the property he possesses with the Court.

### I.  Milo is subject to the Court's jurisdiction because it has minimum contacts with the United States.

Milo's Motion argues that this Court may only exercise personal jurisdiction over Milo if Milo has sufficient "minimum contacts" with Texas. MOTION, pp. 3-4. Milo claims that it does

---

[1] Although the Motion is not directed to Fightback, Fightback files this Response because it is a claimant in interest that may be affected by the Motion's outcome.

not have sufficient minimum contacts with Texas because it is a Nevada corporation, with its principal place of business in Nevada, and it does not have any operations in Texas. *Id*.

The Motion, however, misstates the appropriate jurisdictional test for a 28 U.S.C. § 1335 interpleader claim. Section 1335 statutory interpleader claims provide for nationwide service of process. 28 U.S.C. § 2361; s*ee also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, n. 3 (1967); *Tranamerica Annuity Service Corp. v. Symetra Life Ins. Co.*, 2017 WL 467970, *2 (S.D. Tex. 2017); *Auto Parts Mfg. Mississippi Inc. v. King Const. of Houston, LLC*, 73 F.Supp.3d 680, 683 (N.D. Miss 2014). Thus, merely serving a summons on the defendant establishes personal jurisdiction. FED. R. CIV. P. 4(k)(1)(c). The long arm statute and minimum contacts analysis is inapplicable. *Nationwide Mutual Ins. Co. v. Olvera*, 2008 WL 2858993, *1 (N.D. Miss. 2008). Rather, in cases involving nationwide service of process, the defendant need only have minimum contacts with the United States to satisfy due process. *Id*. (citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994)).

Here, Plaintiff's Statutory Interpleader Complaint Under 28 U.S.C. § 1335 (the "Complaint") indicates that Milo maintains minimum contacts with the United States. The Complaint alleges that Milo is a Nevada single member LLC. Complaint, ¶ 2. The Motion admits that Milo maintains its principal office in Nevada. MOTION, p. 6. Further, the Declaration of Anthony DeMartino attached to the Motion ("DeMartino Declaration") affirmatively testifies that Milo is a single member limited liability company with its sole manager residing in Nevada. DEMARTINO DECLARATION (Doc. 31-1), ¶¶ 1-3. The parties therefore do not appear to dispute that Milo maintains minimum contacts with the United States and is thus subject to the Court's jurisdiction. The Motion should therefore be denied on this point. To the extent that the Court

finds the jurisdictional pleadings technically deficient, ample basis exists for Pierce to replead and correct any technical deficiency.

## II.     Plaintiff has satisfied the deposit requirements.

Milo next argues that the Complaint must be dismissed because Pierce has not deposited the underlying $2,000,000 bond money into the Court's registry.  MOTION, p. 7 Milo argues that because "the bond funds at issue are still in the possession of the Kenosha County, Wisconsin Clerk's Office", that Pierce has not satisfied his statutory obligations.

Milo's argument fails, however, because a statutory interpleader need only deposit such property that it possesses into the Court's registry.  *Austin, v. Texas-Ohio Gas Co.*, 218 F.2d 739, (5th Cir. 1955).  The Fifth Circuit distinguishes between interpleader claims for specific funds and interpleader claims for property.  In cases involving claims for sums of money, the Fifth Circuit requires "'payment of the entire sum (or giving of a bond) [as] a condition precedent to the court's jurisdiction.'" *Pruco Life Ins. V. Constance*, 2009 WL 1668253, (E.D. La. 2009) (quoting *Texas-Ohio Gas Co.*, 218 F.2d at 745).  In cases involving claims for specific property "'the statute imposes the condition of depositing only the specific property in the plaintiff's possession.'" *Id*.

Here, the interpleader at issue concerns specific property, not cash.  Pierce has filed an interpleader action regarding a Remittance Receipt which purportedly represents cash in the Kenosha County, Wisconsin Clerk's Office's possession.  COMPLAINT ¶¶5-7; MOTION, p. 7.  Mr. Pierce possess neither the money nor any other relevant property.  Thus, the Court should not require any deposit of funds beyond Pierce's possession.  Rather, Pierce simply should be required to deposit the Remittance Receipt into the Court's registry.

## III.    Conclusion

For the foregoing reasons, Fightback respectfully requests that the Court deny the Motion in its entirety, or grant Pierce the option to replead to correct any deficiencies that may be found.

Respectfully Submitted,

*/s/ R. Ritch Roberts, III*

**R. Ritch Roberts, III**
Texas Bar No. 24041794
roberts@rrobertslaw.com
The Law Offices of R. Ritch Roberts PLLC
Ross Tower, Suite 2150
500 Akard Street
Dallas, TX 75201
214.237.0900 telephone
214.237.0901 facsimile

**COUNSEL FOR FIGHTBACK FONDATION, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2022, a true and correct copy of the above and foregoing document was filed electronically with the Clerk of the U.S. District Court for the Northern District of Texas to be served upon all counsel of record by the Court's electronic filing system.

 */s/ R. Ritch Roberts, III*
R. RITCH ROBERTS, III