IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN M. PIERCE, | § | |
| Interpleader Plaintiff/Stakeholder, | § | |
| vs. | § | Civil Action No. 3:21-CV-2770-S-BH |
| | § | |
| MILOS FUND LLC, a Nevada limited | § | |
| liability company, et al., | § | |
| Interpleader Defendants/Claimants. | § | Referred to U.S. Magistrate Judge[1] |

# ORDER

Before the Court are *The Milo Fund LLC's Motion to Dismiss for Lack of Personal and Subject-Matter Jurisdiction, and Brief in Support*, filed December 8, 2021 (doc. 13); the *Stipulation of Dismissal With Prejudice*, filed January 28, 2022 (doc. 28); and the *Status Report*, filed January 31, 2022 (doc. 30). The stipulation reflects that under Fed. R. Civ. P. 41(a)(1)(A)(ii), the interpleader plaintiff and the two named interpleader defendants have stipulated to dismissal of all claims against those two interpleader defendants with prejudice; it is signed by counsel for all three parties. (*See* doc. 28.) The status report reflects that although the style of the complaint also lists "ABC, LLCs 1-10" and "XYZ Corps. 1-10" as interpleader defendants/claimants, there are no remaining claims against any remaining interpleader defendants or claimants in this action. (*See* doc. 30.)

Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that once the opposing party serves either an answer or a motion for summary judgment, a plaintiff may only voluntarily dismiss his action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Stipulated dismissals under this rule "require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013); *see also SmallBizPros, Inc. v. MacDonald,* 618 F. 3d 458,

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

461-64 (5th Cir. 2010).

Here, all parties who have been specifically named and have appeared have stipulated to dismissal, and the interpleader plaintiff has confirmed that there are no remaining claims against any remaining interpleader defendants or claimants.² The motion to dismiss is **DEEMED MOOT**. The Clerk of Court shall terminate this action based on the stipulation and status report.

**SO ORDERED** on this 7th day of February, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

²To the extent that the complaint may be construed as asserting claims against the unnamed interpleader defendants or claimants, Rule 41(a)(1)(A)(i) provides that a plaintiff may dismiss its action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. This right to voluntarily dismiss an action before the filing of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *International Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715-16 (5th Cir. Oct. 16, 2006), quoting 8 James W. Moore et al., Moore's Federal Practice, § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006) and *Am. Cyanamid Co. v. McGhee*, 317 F. 2d 295, 297 (5th Cir. 1963). Because no defendant has filed an answer or a summary judgment motion, the plaintiff has the absolute right to dismiss his claims without prejudice under this rule. The status report suffices as a notice of dismissal under Rule 41(a)(1)(A)(i) of any claims that may be construed as remaining against the unnamed interpleader defendants or claimants.